[Cite as *Hancock v. Ohio State Penitentiary*, 2010-Ohio-6685.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRISTOPHER L. HANCOCK

    Plaintiff

    v.

OHIO STATE PENITENTIARY

    Defendant

    Case No. 2010-07504-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Christopher L. Hancock, an inmate incarcerated at defendant, Ohio State Penitentiary (OSP), filed this action alleging that a gold cross and chain intended for him was lost as a proximate cause of negligence on the part of OSP mailroom personnel in handling mail delivered by the United State Postal Service (USPS). Plaintiff related that his grandmother purchased a gold cross and chain and arranged for the seller to mail the item through the USPS to OSP where it was received on February 16, 2010. Plaintiff further related that the described jewelry item was insured and when it was received at OSP a mailroom employee identified as "Officer Stradrick" signed for the necklace and cross pendant on February 16, 2010 at 9:30 a.m. Plaintiff claimed that the gold chain with attached cross was never forwarded to his possession after it was received at the OSP mailroom. Plaintiff seeks damage recovery in the amount of $433.01, the total stated purchase price of the jewelry, plus insurance cost. Plaintiff submitted documentation confirming his damage claim amount. Plaintiff submitted documentation from the USPS confirming a parcel addressed to him was received at the OSP mailroom and delivered to OSP personnel. The filing fee was paid.

**{¶ 2}** 2)   Defendant acknowledged that OSP personnel picked up mail for inmates at the local post office on February 16, 2010.   Defendant explained that the procedure involved for mail pick up advising that "post office staff brought out the bin of mail which was loaded in a vehicle and transported to" OSP.   Defendant maintained that when the mail transported from the post office to OSP was sorted, "there was no necklace or cross located in the incoming mail."   Defendant noted that the OSP employee who sorted the mail denied a cross and chain intended for plaintiff was among the mail sorted on February 16, 2010.  The claim file is devoid of any statement of any type from the OSP employee who handled incoming inmate mail on February 16, 2010.  Defendant did not identify the OSP employee who sorted mail on February 16, 2010.  Defendant contended that plaintiff failed to produce sufficient evidence to prove his cross and chain jewelry item was lost or stolen while under the control of OSP personnel.   Defendant asserted that evidence is inconclusive to establish whether plaintiff's jewelry was lost or stolen while under the control of the USPS or OSP.

**{¶ 3}** 3)   Plaintiff filed a response insisting that his mailed jewelry item was lost or stolen while under the control of OSP staff.  Plaintiff pointed out that his submitted documentation shows that "an OSP staff member did in fact sign for the necklace and cross."  Plaintiff asserted that he has produced sufficient evidence to prove his property item was lost or stolen while under the control of defendant.  The trier of fact agrees.

CONCLUSIONS OF LAW

**{¶ 4}** 1)   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2)   "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** 3)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own

property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 7} 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recovery" such property.

{¶ 8} 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 9} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 10} 7) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions persuasive concerning the loss of his property. Conversely, the court does not find defendant's assertions credible regarding its denial plaintiff's property was delivered into the custody of OSP staff.

{¶ 11} 8) Negligence on the part of defendant has been shown in respect to the issue of property protection. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Consequently, defendant is liable to plaintiff for the damages claimed, $433.01, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHRISTOPHER L. HANCOCK

     Plaintiff

     v.

OHIO STATE PENITENTIARY

     Defendant

     Case No. 2010-07504-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $458.01, which includes the filing fee. Court costs are assessed against defendant.

                                         MILES C. DURFEY
                                         Clerk

Entry cc:

| | |
|---|---|
| Christopher L. Hancock | Gregory C. Trout, Chief Counsel |
| 878 Coitsville-Hubbard Road | Department of Rehabilitation |
| Youngstown, Ohio 44505 | and Correction |
| | 770 West Broad Street |
| | Columbus, Ohio 43222 |

RDK/laa
12/9
Filed 12/29/10
Sent to S.C. reporter 2/25/11